IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TONY M. RIOS, § | |
| Institutional ID No. 2152885 § | |
| SID No. 03624237 § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 1:20-CV-00246-BU |
| v. § | |
| § | |
| ROBERT V. DELEON, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE AND ORDER OF TRANSFER**

This case was transferred to the undersigned United States magistrate judge by Order dated November 20, 2020. Dkt. No. 6. In accordance with the mandate of the transfer order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that pro se Plaintiff Tony Rios's claim for excessive force in violation of the Eighth Amendment against Defendant Sergeant Robert DeLeon survived preliminary screening. Consequently, the Court entered an order requiring DeLeon to answer or otherwise plead to Rios's claim. Dkt. No. 16.

DeLeon filed his Answer on September 14, 2021. Dkt. No. 21. This Court appointed Joseph M. Cox as counsel for Rios on September 21, 2021. Dkt. No. 23. As of the date of this order, all parties have not consented to the jurisdiction by the magistrate judge. Thus, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

1

## I.     DISCUSSION

Rios's excessive force claim arises under the Eighth Amendment of the United States Constitution. To determine if an excessive use of force claim survives under § 1983, a court must make a "core judicial inquiry" as to the context and nature of the force rather than the injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (per curium). A court must determine "whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm.'" *Id*. at 37 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1990)). The burden is on the plaintiff to prove the "wanton and unnecessary" infliction of pain. *Id.* at 5.

The court evaluates the situation on a case-by-case basis to determine if the Eighth Amendment was objectively violated. *Id.* at 9. The court does not require a significant injury and instead must consider whether "contemporary standards of decency" are violated by the conduct. *Id.* "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins*, 559 U.S. at 37.

Here, Rios alleges that DeLeon used excessive force against him during an incident at the TDCJ Robertson Unit in Abilene, Texas. Dkt. No. 1. Rios alleges that on March 11, 2021, DeLeon attempted to place another offender in Rios's cell. Dkt. No. 1 at 4. Rios states that he attempted to explain to DeLeon that he "already had problems with this offender" and could not share a cell with a homosexual offender. *Id*.; Tr. 20:05–12.[1] In

---

[1] Transcript ("Tr.") citations refer to the audio record of *Spears* hearing held on July 27, 2021. Dkt. No. 14.

response, DeLeon informed Rios that "major use of force" would be used against Rios if he refused to permit the offender to be placed in his cell. Tr. 20:12–16. Rios alleges that he continued to explain his objections to DeLeon, but that DeLeon walked into the cell with two other officers and forced Rios to "back up and back up" until Rios "could not back up [any]more." Tr. 20:18–25.

Rios testified that a physical altercation ensued and that DeLeon "pushed me to the floor." Tr. 21:23–21:32. Once on the floor, the other two officers present grabbed Rios by his legs and arms, Tr. 20:55–21:00, and secured Rios in hand restraints. Tr. 23:38–45. Rios alleges that DeLeon "kept on hitting me, hitting me . . . banging my head against the locker . . . kicking me in the ribs like a dog" while Rios remained in hand restraints. Tr. 21:00–21:16, 22:08–16. Rios claims that DeLeon struck him in the head and face with a closed fist over six times, grabbed his head and banged it against his cell locker, and kicked him in the side of the ribs "a couple of times." Tr. 22:20–23:00, 25:05–10. Rios further alleges that he "felt a crack" when DeLeon broke his right arm. Tr. 25:15–25:55. Rios denies resisting officers while on the floor and testified that the other officers involved only held him down. Tr. 25:56–26:14, 27:15–30, 28:15–30. As a result of the use of force incident, Rios claims that he suffered the following injuries: ten staples to his head; three stitches to his right eyebrow; three stitches to the right side of his upper lip; seventeen staples, a metal plate, and six screws in his right arm. Dkt. No. 1 at 9; Tr. 26:45–27:10.

At this stage of the proceedings, Rios's allegations, taken as true, sufficiently state a claim for excessive force under the Eighth Amendment against DeLeon. Nothing in this

Report and Recommendation or the Order requiring DeLeon to answer constitutes an opinion as to the lawfulness of DeLeon's actions or an adverse finding as to his conduct.

Accordingly, it is the **RECOMMENDATION** of the undersigned magistrate judge that a scheduling order be entered.

It is **ORDERED** that this case is transferred back to the docket of the United States District Judge James Wesley Hendrix and be designated as Civil Action No. 1:20-CV-00246-H.

## II.   RIGHT TO OBJECT

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 22nd day of October, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE